FILED

APR 1 1 2007

U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF ARIZONA

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

In re: ) Chapter 7
)
MONA MCMANUS, ) No. 4:07-bk-00459-JMM
)
) **MEMORANDUM DECISION**
Debtor. )

The Debtor has filed a motion to waive payment of the filing fee, showing income of:

| | |
|---|---|
| Social Security Disability | 623 |
| Food Stamps | <u>150</u> |
| | 773 |

(Schedule I to Schedules, Dkt. #10.)

However, Schedule J reflects the following expenses:

| | |
|---|---|
| Rent | 400 |
| Utilities | 150 |
| Food | 240 |
| Clothing | 20 |
| Medical/Dental | 5 |
| Transportation | 50 |
| Auto Insurance | 35 |
| Recreation, newspapers, etc. | 100 |
| Contingency | <u>100</u> |
| | 1,100 |

How the Debtor finances a monthly living expense deficit of $327 is unexplained. Other questions exist, also, such as does the Debtor spend $390 per month on groceries for herself (food stamps of $150, plus $240 additional food budget)? Where does the $200 per month for recreation and contingency come from?

It would appear that the Debtor is receiving additional financing assistance that she is not disclosing. If the Debtor could utilize a portion of her recreation and contingency fund for a period of time to fund filing fee instalments, she could afford the fee to file her bankruptcy case.

In addition, the court notes that the Debtor did budget for the $200 paid to the document preparer. She should be able to therefore likewise budget for the $299 filing fee in order to discharge $31,000 in credit card debt.

It is critical, in order for the court to function properly, that the fees mandated by Congress be paid. Without payment of a filing fee, for example, the trustee appointed to administer the Debtor's case cannot be paid for work done on that case. For reasons such as this, minor, temporary inconveniences to the pocketbook are not adequate reasons to forgo this required fee. In the case at bar, the court believes from documents the Debtor herself filed, that any hardship she may suffer is temporary. The court's concerns include that these schedules, together with the statement of affairs, are inconsistent.

Thus, until the court has some plausible explanation as to how the Debtor supports herself expending $1,100 per month, the court can only presume that the Debtor is not being candid with the court, is sheltering or concealing income, or is getting outside help.

Accordingly, the Debtor's motion to waive filing fee will be DENIED, but she may pay the same in four equal instalments. A separate order will be entered. FED. R. BANKR. P. 9021.

DATED: April 11, 2007.

JAMES M. MARLAR
UNITED STATES BANKRUPTCY JUDGE

| | |
|---|---|
| 1 | COPIES mailed this 11th day of April, 2007, to: |
| 2 | |
| 3 | Mona Mcmanus<br>1266 W. Jersey Ave.<br>Queen Creek, AZ 85243 |
| 4 | |
| 5 | Ronald Ancell, Trustee<br>1721 W. Klamath Dr.<br>Tucson, AZ 85704 |
| 6 | |
| 7 | Office of the United States Trustee<br>230 North First Avenue, Suite 204<br>Phoenix, AZ 85003-1706 |
| 8 | U.S. Mail |
| 9 | |
| 10 | By /s/ M. B. Thompson<br>    Judicial Assistant |

3